# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI-DADE DIVISION

**DARRELL WALTON,**

    Plaintiff,

v.

**TELSEC CORP, a Florida Profit Corporation,**

    Defendant.

Case No.: _____

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DARRELL WALTON ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, TELSEC CORP. ("Defendant"), and states:

### JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida, located within the Southern District of Florida.

### PARTIES AND FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the

Southern District of Florida.

5. At all times material hereto, Defendant was, and continues to be a Florida Profit Corporation, engaged in business in Florida, with a principle place of business in Miami-Dade County, Florida.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual gross revenue of Defendant is, and was, in excess of $500,000.00 per annum for all relevant time periods.

10. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his usage of items that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendant.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

12. Defendant operates a security company.

13. Defendants hired Plaintiff to work as a non-exempt security guard in approximately December 2018.

14. Plaintiff was employed by Defendant until approximately December 2021.

15. Plaintiff's duties included securing the designated area he was assigned to and

patrolling same.

16. At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

17. However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

18. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

19. However, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

20. Instead, Defendant paid Plaintiff at his regular rate of pay for all hours that Plaintiff worked in a single work week, including the hours that Plaintiff worked over forty (40).

21. Specifically, any hours that Plaintiff worked over forty (40) were paid to him at his regular rate of pay via Telsec Corp. personal check, not through Defendant's payroll company.

22. Plaintiff should have been, and should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

23. Defendants have violated Title 29 U.S.C. § 207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week in most, if not all, workweeks during his employment as a security guard with Defendant;

    b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess

       of forty (40) hours per workweek while Plaintiff worked as a security guard for Defendant as provided by the FLSA;

  c.    Defendant has failed to maintain proper time records as mandated by the FLSA;

  d.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

### COUNT I
### VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

24.    Plaintiff realleges and reincorporate paragraphs 1 through 23 as if fully set forth herein.

25.    Throughout the duration of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

26.    Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

27.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant.

28.    At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

29.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of

one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendant.

30. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

33. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    e. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 19th  day of January, 2022.

Respectfully Submitted,

>  */s/  Chanelle J. Ventura*
> Chanelle J. Ventura, Esquire
> Florida Bar No.: 1002876
> Morgan & Morgan, P.A.
> 8151 Peters Road., Suite 4000
> Plantation, FL 33324
> Telephone: (954) 318-0268
> Facsimile:  (954) 333-3515
> Email: CVentura@forthepeople.com
>
> *Trial Counsel for Plaintiff*